# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD G. CARLYLE, # 18764, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-695-NJR |
| | ) |
| CHARLIE BIRCH, III, | ) |
| CALHOUN COUNTY CIRCUIT CLERK, | ) |
| and RICHARD J. RINGHAUSEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an individual currently incarcerated at the Madison County Jail,[1] has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also invokes the Federal Tort Claims Act, 28 U.S.C. § 2671-2680. (Doc. 1, p. 1). Plaintiff claims that Defendants caused him to be wrongfully incarcerated and defamed his character when they issued a warrant for his arrest for failure to appear in court regarding the collection of fines and costs in a 2006 Calhoun County case. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff does not allege that his claims in this case have any connection to his current confinement in the Madison County Jail.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## **The Complaint**

Plaintiff was released from prison on September 11, 2015, after serving a sentence at Pinckneyville Correctional Center. (Doc. 1, p. 4). During his time in the custody of the Illinois Department of Corrections, Plaintiff was aware that he had an outstanding warrant from Calhoun

County for failure to appear on fines and court costs from a 2006 case involving obstruction of justice. *Id.* Plaintiff had filed a motion to quash that warrant, but his motion was denied.

After his release on September 11, 2015, Plaintiff was arrested by Caseyville police on the Calhoun County warrant for failure to appear. (Doc. 1, p. 5). He was taken to the St. Clair County Jail, where he posted bond and was released with a pending court date in Calhoun County. Unfortunately, however, Plaintiff decided not to show up for the Calhoun County court hearing, because he knew that three or four years earlier, the fines and court costs he owed to Calhoun County were sold to a collection agency in Florida. That Florida company subsequently sent letters to Plaintiff seeking to collect on the debt. Plaintiff called the Calhoun County Circuit Clerk to explain the situation, but the Clerk's office responded that the warrant was still active.

After skipping the court date, Plaintiff was arrested a second time on a Calhoun County warrant for failure to appear. The Complaint indicates that this was a newly issued warrant after Plaintiff missed the court date that was set when he was released on bond from St. Clair County Jail. The second arrest was made by officers of the Madison County Sheriff, and Plaintiff was held in the Jersey County Jail. Plaintiff remained there for approximately twelve days despite his girlfriend's attempt to explain the situation to authorities.

Plaintiff then appeared before a judge in Calhoun County, who initially told him that he would not be released unless he posted bond. Plaintiff explained about the letters he had received from the collection agency that purchased the debt. The judge said he had no record of that, but he had the clerk check on the matter. At first, the clerk said there was no record to support Plaintiff's account of events, but then she discovered and confirmed that in fact the debt had been turned over to a collection agency. At that point, the judge informed Plaintiff that they had made a mistake, and the judge had no choice but to let him go. The State's Attorney did not

object to Plaintiff's release. Plaintiff was then released and the charges were dropped, but he did not get his bond money back. (Doc. 1, pp. 4-5).

Plaintiff asserts that the warrants that led to his arrests were issued by the office of Calhoun County State's Attorney Ringhausen, despite the office "knowing" that the debt for fines and court costs was sold to a collection agency. (Doc. 1, p. 2). Judge Birch approved the issuance of the warrants. *Id.* Finally, Plaintiff sues the Calhoun County Circuit Clerk because the clerk "issues warrants." (Doc. 1, p. 1).

Plaintiff seeks monetary relief for his mental anguish, lost wages, wrongful incarceration, and defamation of his character. (Doc. 1, p. 6).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourth Amendment claim for false/wrongful arrest, where Plaintiff no longer owed a debt to Calhoun County for fines and court costs, because the County sold its debt to a collection agency;
>
> **Count 2:** Fourth Amendment claim for false/wrongful imprisonment, where Plaintiff was jailed for twelve days based on the Calhoun County warrants that should not have been issued because Plaintiff no longer owed fines or costs to the County;
>
> **Count 3:** State tort claim for defamation of character in connection with Plaintiff's wrongful arrest and incarceration;
>
> **Count 4:** Federal Tort Claim based on the wrongful issuance of the Calhoun County warrants.

For the reasons explained below, Counts 1 and 2 shall be dismissed because each Defendant is immune from a suit for money damages. The state tort claim in Count 3 shall be dismissed without prejudice because no viable federal claims will remain in the action, and the Court will not assert jurisdiction over a state-law claim under these circumstances. Count 4, the Federal Tort Claim, shall be dismissed because Defendants are not federal employees.

**Dismissal of Count 1 – False/Wrongful Arrest**

False arrest claims are often brought against the police officer who makes an arrest, which is not the case here. The applicable law provides that, in order to prevail on a false arrest claim, the plaintiff must prove that he was arrested without probable cause. Where a judge has issued a bench warrant for failure to appear, that warrant provides probable cause for the arresting officers to effectuate the arrest, so a false arrest claim against the officers would fail. *See United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001); *Corbett v. White*, No. 00 C 4661, 2001 WL 1098054, at *3-5 (N.D. Ill. Sept. 17, 2001).

Here, Plaintiff claims that the warrants should not have been issued because after Calhoun County sold his debt to a collection agency, the county gave up its right to collect Plaintiff's fines and court costs. After that transaction, the Calhoun County Circuit Court no longer had any reason to arrest Plaintiff or summon him to court regarding the debt. When Plaintiff finally appeared in court and told the judge about the collection letters he had received, the judge released him and dropped the charges after the clerk confirmed the debt transaction. These facts suggest that the warrant lacked probable cause as to Plaintiff's obligation to pay Calhoun County for the debt. Plaintiff states that the original outstanding warrant was issued, however, because he failed to appear in court after he had been ordered to do so. The failure to appear, in and of itself, would provide probable cause to support the issuance of a warrant,

regardless of the status of the underlying criminal matter where Plaintiff had been ordered to pay fines and costs.

Furthermore, the facts supplied in the Complaint do not support the theory that a Defendant *knowingly* issued a warrant without any legal basis to do so. Plaintiff's description of his in-court exchange with the judge, clerk, and prosecutor regarding the fines and costs reflects that they "made a mistake" as to his obligation to the county and therefore had to release him. (Doc. 1, p. 5). A mistake connotes possible negligence, and negligence does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

In any case, if there was an error in issuing the warrants for Plaintiff's arrest, none of the Defendants named in the Complaint can be held liable for their actions. Plaintiff has sued the judge who issued the original arrest warrant for failure to appear, as well as the second warrant for failure to appear after Plaintiff missed the court date that was set when he posted bond. Regardless of what the judge knew about the status of Plaintiff's debt at the time the warrants were issued, a judge cannot be held liable in a civil rights lawsuit for actions taken in the performance of his or her official judicial duties. Judges who are being sued solely for judicial acts are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). That doctrine applies here, where Judge Birch's issuance of the bench warrants for Plaintiff's failure to appear in court falls squarely within the realm of "judicial acts." Because Count 1 and all the other

claims in this action against Judge Birch stem from his performance of his official duties, the claims against Judge Birch shall be dismissed on the grounds of judicial immunity.

Similarly, a prosecutor is immune from a civil suit for damages arising from the prosecutor's actions of initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). While a prosecutor's immunity is not absolute, *see Fields v. Wharrie*, 740 F.3d 1107, (7th Cir. 2014) (exonerated prisoner stated claim against prosecutor for allegedly procuring false testimony during investigation of case and before formal prosecution began), the facts in this case indicate that any action taken by Ringhausen relating to securing a bench warrant was to further the enforcement of a judgment of conviction against Plaintiff. Such activity would be part of the state's attorney's official duties while prosecuting a case, and would fall within the scope of prosecutorial immunity. For this reason, Ringhausen is also immune from liability for the false arrest claim in Count 1, as well as for the other claims against him in this action.

That leaves Plaintiff's claim against the Calhoun County Circuit Clerk. Court reporters, clerks, and other court personnel are not protected by absolute immunity. They may be entitled to quasi-judicial immunity, however, if they were acting at the direction of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436-38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989) which held that court reporters and clerks were absolutely protected by judicial immunity); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010). The Seventh Circuit has commented with reference to clerks' immunity:

> Certainly, when such personnel perform judicial or quasi-judicial functions such as the issuance of arrest warrants, they perform a function integral to the judicial process and receive the same protection as full-fledged judicial officers. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (clerk's issuance of warrant,

although non-discretionary, a "truly judicial act" and so protected by absolute immunity).

*Kincaid v. Vail*, 969 F.2d 594, 600-01 (7th Cir. 1992).

Here, Plaintiff alleges that the Calhoun County Circuit Clerk should be held liable because the clerk "issues warrants." (Doc. 1, p. 1). Plaintiff's factual recitation in the Complaint suggests that the clerk in this case was performing a judicial or quasi-judicial function by issuing the original bench warrant that led to Plaintiff's first arrest. The same is true for the second warrant issued after Plaintiff failed to appear. Accordingly, the Calhoun County Circuit Clerk is also immune from a suit for damages.

**Count 1** against Birch, Ringhausen, and the Calhoun County Circuit Clerk shall be dismissed with prejudice, because all the named Defendants are immune from civil liability for monetary relief. *See* 28 U.S.C. § 1915A(b)(2).

### Dismissal of Count 2 – False/Wrongful Incarceration

Plaintiff's 12-day incarceration which followed his second arrest for failure to appear in court is the heart of this claim. As discussed under Count 1, it turned out that Plaintiff no longer owed Calhoun County for the unpaid fines and court costs after his debt was purchased by the collection agency. Failure to appear in court when one has been ordered by a judge to appear is, however, in and of itself, a valid reason for issuance of a warrant.

When Plaintiff was arrested the first time, he posted bond and was released with instructions to appear in court in Calhoun County on a certain date. Plaintiff chose not to appear, as he admits in the Complaint. As a result, a second warrant was issued for Plaintiff's arrest, for failure to appear at that court hearing. Nothing in the Complaint suggests that this warrant for failure to appear was improperly issued.

Based on Plaintiff's recitation of the facts, he could have avoided the 12-day

incarceration in Jersey County if he had chosen to appear at the court date that was scheduled for him when he bonded out of the St. Clair County Jail after his first arrest. Had he attended that first court date, the sale of his debt to the collection agency would likely have been discovered at that time (as it was when Plaintiff was taken to court after his second arrest). But when Plaintiff chose to skip his first court date, he subjected himself to the risk that he would again be arrested. Plaintiff had it in his power to entirely avoid the second arrest and the "wrongful" incarceration that he now complains of. Instead, he compounded the problem by missing the court date after he bonded out.

Plaintiff's incarceration was a loss of liberty, which implicates Fourteenth Amendment due process protections, but Plaintiff was not deprived of liberty without due process of law. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979) (so long as warrant complies with the requirements of the Fourth Amendment, detention pursuant to warrant cannot give rise to a constitutional claim under § 1983). Plaintiff admits in his pleading that he failed to appear in court after bonding out, so the warrant that resulted in his 12-day detention had a valid basis. He received the process that he was due when he appeared before the judge, after which he was released.

Although Plaintiff does not articulate his claim as one for "malicious prosecution," the Complaint suggests that this might be another possible theory of recovery. The Seventh Circuit has determined, however, that because Illinois recognizes a tort claim under state law for malicious prosecution, the availability of that state tort claim "knocks out any constitutional theory of malicious prosecution," because the state law remedy is adequate to satisfy due process. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). *See also Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]llegations that criminal proceedings were . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution,

9

rather than a due process violation." (internal citation omitted)). This means that a malicious prosecution claim brought in a federal civil rights case must be dismissed, because the state court process is sufficient to adjudicate such a claim.

In any event, regardless of whether Plaintiff asserts his claim as one for false imprisonment, malicious prosecution, or some other theory, the fact remains that the named Defendants in this action are all immune from a § 1983 suit for damages, as discussed above under Count 1. Accordingly, **Count 2** shall also be dismissed with prejudice as against Birch, Ringhausen, and the Calhoun County Circuit Clerk.

### Dismissal of Count 3 – Defamation

Under Illinois law, "[d]efamation is the publication of a false statement that "tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (citing *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)). Some statements, such as one "imputing the commission of a crime" are so obviously harmful to a person's reputation that they may be considered *per se* defamatory. *Tuite*, 866 N.E.2d at 121.

A federal district court that has original jurisdiction over a § 1983 claim will also have supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). That connection is present in Plaintiff's case. When all federal claims are dismissed by the district

court, however, "the usual practice is to dismiss without prejudice state supplemental claims[.]" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

The Court cannot discern any reason to depart from this usual practice. Counts 1, 2, and 4 shall be dismissed. Accordingly, Plaintiff's defamation claim in **Count 3** shall be dismissed without prejudice to Plaintiff attempting to bring the claim in state court. Nothing in this Order shall be construed as a comment on the merits or timeliness of the state-law defamation claim or on the applicability of the immunity doctrine in state court.

### Dismissal of Count 4 – Federal Tort Claim

Plaintiff used this Court's standard complaint form when he prepared his pleading, and on the first page, he checked the box to indicate that he was bringing a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. (Doc. 1, p. 1). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state or county officials. The only named Defendants in this action are state and county officials. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA. The claim designated as **Count 4** shall therefore be dismissed with prejudice.

Because each of the claims in Plaintiff's Complaint shall be dismissed, the Court must consider whether to allow Plaintiff to submit an amended complaint in an effort to state a viable claim. Under the facts of this case, the Court finds that any amendment would be futile. The named Defendants are all immune from suit, so any effort to restate claims against them would fail. Additionally, if Plaintiff were to assert claims against the officers who arrested him or the jailers who detained him pursuant to the warrants for failure to appear, those officials would have the defense that they acted in accordance with a lawfully issued warrant, thus defeating Plaintiff's claim. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979) (where warrant conforms to

Fourth Amendment requirements, detention pursuant to warrant cannot support a constitutional claim under § 1983).

Leave to amend a complaint need not be granted when such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). This case shall be dismissed and judgment entered.

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice**. **COUNTS 1 and 2** are **DISMISSED** with prejudice pursuant to § 1915A because the Defendants are immune from a suit for money damages. **COUNT 3** is **DISMISSED** without prejudice to Plaintiff bringing the claim in state court. **COUNT 4** is **DISMISSED** with prejudice because the Federal Tort Claims Act does not apply to the Defendants.

All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See*

FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 9, 2017**

							*[signature]*
							_____
							**NANCY J. ROSENSTENGEL**
							**United States District Judge**